**Affirm in part, Reverse and Remand in part; Opinion Filed January 29, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00794-CV

### SAMUEL MEDINA, OBDULIA MEDINA, NATALYE MEDINA, AND NAVIL GIBSON, Appellants
### V.
### MICHELIN NORTH AMERICA, INC., Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-07255**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Evans

In this products liability case, Samuel Medina, Obdulia Medina, Natalye Medina, and Navil Gibson challenge the trial court's adverse summary judgment on their strict liability, negligence, post-sale duty to warn, and gross negligence/punitive damages claims against Michelin North America, Inc. In six issues, appellants, whom we collectively refer to as the Medinas, generally complain the court erred in granting summary judgment to Michelin because its no-evidence motion for summary judgment on certain claims was insufficient as a matter of law, the trial court granted summary judgment on grounds not raised in Michelin's motion, and there was sufficient evidence to create a genuine issue of material fact on each of their claims. For the reasons that follow, we affirm in part and reverse and remand in part.

## BACKGROUND

The case arises from a one-vehicle accident that the Medinas allege was caused by the failure of an eleven-year-old tire. According to the Medinas, in 2012, Adrian Rico was driving a 2000 Ford Expedition when the left rear tire suddenly burst, causing the vehicle to roll-over and seriously injure the Medinas who were passengers in the vehicle. Rico had purchased the used vehicle shortly before the accident from Jose Bustillo doing business as Mundo Cars. Mundo Cars acquired the vehicle as salvage and repaired it before selling it to Rico. The subject tire was a Michelin LTX M/S manufactured by Michelin in 2001.[1] However, there was still approximately three times the federal minimum tread remaining on the tire at the time of the accident. The Medinas sued Michelin alleging, among things, the tire was negligently or defectively designed and/or manufactured resulting in the tire's failure and subsequent accident. They also asserted claims for negligent/defective marketing, post-sale duty to warn, and gross negligence/punitive damages.

To support their claims, the Medinas retained Troy W. Cottles, a forensic tire failure analyst and tire design and manufacturing consultant, who testified that the tire's design and manufacture was faulty. In addition to other claims, Michelin moved for summary judgment on the Medinas' claims for design defect, manufacturing defect, marketing defect, negligence, gross negligence/punitive damages, and post–sale duty to warn.[2] In a separate motion, Michelin moved to exclude Cottles's expert testimony. In its motion to exclude, Michelin challenged Cottles's qualifications and the reliability of his opinions. The Medinas filed responses to the summary judgment motions, which included, among other things, Cottles's report and deposition. The trial court granted summary judgment to Michelin on all of the Medinas' claims.

---

[1] The three other tires on the vehicle were all different brands and sizes.

[2] Michelin actually filed two motions for summary judgment, each addressing different causes of action against it.

The court denied, however, Michelin's motion to exclude Cottles's expert testimony. The trial court then severed the claims against Michelin from the claims against Jose Bustillo d/b/s Mundo Cars making the summary judgment in Michelin's favor final for purposes of appeal. The Medinas filed this appeal.[3]

## ANALYSIS

### A. Standard of Review

Michelin moved for summary judgment asserting both no-evidence and traditional grounds. A party may move for no-evidence summary judgment on the ground that no evidence exists for identified essential elements of a claim on which the adverse party bears the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The motion must identify the elements as to which there is no evidence and should be granted if the nonmovant fails to produce evidence creating a genuine issue of material fact on the challenged elements. *See id*. To prevail on a traditional motion for summary judgment, however, the moving party must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review an order granting summary judgment de novo, taking all evidence favorable to the nonmovant as true while indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Where, as here, the trial court does not specify the grounds on which it granted the summary judgment, we must affirm if any of the grounds asserted in the motion are meritorious. *See id*. at 216.

---

[3] The trial court granted summary judgment on additional causes of action that the Medinas asserted against Michelin. The Medinas' appeal, however, is limited to those claims stated above.

**B.      Design Defect, Manufacturing Defect, and Negligence Claims**

In their second issue, the Medinas assert the trial court erred in granting summary judgment to Michelin on their design defect, manufacturing defect, and negligence claims because the sole summary judgment ground Michelin presented with respect to these claims was a no-evidence ground that presupposed and was dependent upon the trial court's granting of Michelin's motion to exclude the testimony of Cottles, their expert witness.   The Medinas contend that because the trial court denied Michelin's motion to exclude, the trial court's granting of the no-evidence summary judgment on these claims exceeded the scope of the ground upon which Michelin moved for summary judgment.   Michelin, on the other hand, argues that summary judgment was proper on these claims irrespective of whether Cottles's testimony was excluded because his testimony, even if considered, was tantamount to no evidence.   We agree with the Medinas for the reasons that follow.

Our review of Michelin's motion for summary judgment reveals multiple places where it specifically indicated its no-evidence grounds with respect to the Medinas' claims for negligence, design defect, and manufacturing defect were based on the anticipated exclusion of Cottles's testimony rather than the content of his opinions.   Specifically, the "Summary of Argument" section of Michelin's motion stated "Michelin will file a motion to exclude the expert testimony of plaintiff's product defect expert, Troy Cottles, and requests that any ruling on this [summary judgment] motion be made after the motion to exclude has been determined.   If the Court excludes Mr. Cottles' testimony, summary judgment is appropriate because plaintiffs will have no evidence to support their strict liability and negligence claims against [Michelin]."   More particularly, under another section entitled "Design Defect Claims - No Evidence," Michelin specifically stated as follows:

> Plaintiffs have designated Troy Cottles as their tire defect expert.   Mr. Cottles has provided an expert report and his deposition is scheduled for March 4, 2016.

[Michelin] plans to move to exclude Mr. Cottles' testimony. If Mr. Cottles' testimony is excluded, plaintiffs will be without evidence to support any element of their design defect claim. [Michelin] requests that the Court consider this motion for summary judgment after its motion to exclude Mr. Cottles' testimony has been considered and ruled upon. *If Mr. Cottles' testimony is excluded, or his opinions limited based on his lack of qualification*, [Michelin] *is entitled to summary judgment on plaintiff's design defect claim.*

(emphasis added). Michelin's no-evidence summary judgment on the Medina's manufacturing defect and negligence claims contained the same or similar paragraph, each requesting the motion be heard after its motion to exclude and asserting its entitlement to summary judgment "[i]f Mr. Cottles' testimony is excluded or his opinions limited based on his lack of qualification." Importantly, Michelin's motion did not generally assert the Medinas had no evidence of certain elements of these claims, nor did they contend Cottles's opinions or testimony constituted no evidence to support particular elements of these claims. To the contrary, Michelin's no-evidence grounds were expressly contingent upon the trial court's granting of its separate motion to exclude or limit Cottles's testimony. In other words, Michelin's no-evidence motion on these claims was based on the absence or lack of expert testimony rather than whether Cottles's opinions constituted more than a scintilla of probative evidence on certain elements of these causes of action.

It is axiomatic that a trial court cannot grant a summary judgment on grounds not presented in the motion. *Timpte Indus., Inc., v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1983). In a no-evidence motion for summary judgment, the movant must specifically state the element or elements for which there is no evidence. *See Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017). The very purpose of this requirement is to provide the

nonmovant with sufficient information for opposing the motion and to define the issues to be addressed in the summary judgment. *See Timpte*, 286 S.W.3d at 311.

Michelin's only basis for no-evidence summary judgment motion on these claims was the lack or absence of expert testimony should the trial court grant its motion to exclude Cottles's testimony. The no-evidence motion itself specifically requested the trial court not consider the no-evidence summary judgment motion on these claims until it considered and ruled on its motion to exclude. In granting summary judgment on these claims after denying Michelin's motion to exclude, however, the trial court necessarily concluded Cottles' testimony constituted no evidence. Because Michelin did not move for summary judgment on this ground, the trial court erred in granting summary judgment on the Medinas' defective design, defective manufacturing, and negligence claims once it denied Michelin's motion to exclude this testimony. We therefore resolve the Medina's second issue in their favor and reverse the summary judgment as to their defective design, defective manufacturing, and negligence claims. Our resolution of this issue makes it unnecessary to address their first and third issues that also challenge the summary judgment on these claims.

### C. Marketing Defect Claim

In their fourth issue, the Medinas contend the trial court erred in granting summary judgment on their marketing defect claim. Michelin moved for summary judgment on this claim on two grounds. First, Michelin asserted that because the Medinas failed to designate a warnings expert, there was "no evidence to support any element of" their marketing defect claim. This ground cannot support summary judgment because lack of an expert report is not an essential element of a marketing defect claim and Michelin's challenge that Medinas had no evidence of "any element of" their marketing defect claim did not specifically identify the essential elements it was challenging based on the alleged lack of a warnings expert. *See Hansen*, 525 S.W.3d at

695–96 ("Thus, a no-evidence motion that lists each element of the plaintiff's claim and then asserts that the plaintiff has no evidence to support 'one or more' or 'any of' those elements is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged.").[4]

Second, Michelin asserted there was conclusive evidence negating the causation element of the Medinas' marketing defect claim. Specifically, Michelin asserted any proposed warnings would not and could not have been read because there is evidence that (1) the Ricos, owners of the accident vehicle, did not read English and driver Adrian Rico admitted that he did not read any writing on the sidewall of the accident vehicle's tires, and (2) Samuel and Obdulia Medina understood only a little English and could not and did not read any warnings regarding the tire. The Medinas argue their responsive evidence was sufficient to create a fact issue on whether the failure to warn of the danger posed by the tire had a causative nexus to the Medinas' injuries. We agree. The Medinas' evidence included an affidavit from Bustillo, the principal of the company that sold the vehicle to Rios, stating he believed the vehicles he sold, including their tires, were safe, and was unaware of any safety problem relating to any Michelin tire or the tires on the accident vehicle. It also included affidavits from Navil Gibson and Natalye Medina stating they both speak and read English fluently and would have read, heeded, and informed their parents of any warnings given.

To prevail on a marketing defect claim, the plaintiff must establish, among other things, the alleged failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *See Goodyear Tire & Rubber Co. v. Rios,* 143 S.W.3d 107, 116 (Tex. App.—San

---

[4] In their first issue which we have not reached, Medinas argue Michelin's no-evidence motion was legally insufficient as to their design defect and manufacturing defect claims because Michelin's conditional challenges to "any element of" Medinas' claims failed to specify which element or elements of these claims were challenged. *See Hansen*, 525 S.W.3d at 695–96.

Antonio 2004 (pet. denied). To prove causation when no warning is provided, the Medinas are aided by a rebuttable presumption that proper warnings would have been heeded. *Stewart v. Transit Mix Concrete & Materials Co*., 988 S.W.2d 252, 257 (Tex. App.—Texarkana 1998, pet. denied). However, no presumption will arise that the Medinas would have heeded a better warning if they failed to read the warning given, which, if followed, would have prevented the injuries. *Id*.

Here, the Medinas contended that the tire should have had a warning indicating the tire was unsafe after it was ten years old. They argued if such a warning was on the tire, Bustillo would have heeded the warning and not placed the tire on the vehicle prior to selling it to Rico. Evidence that the Ricos and Samuel and Obdulia did not and could not read the existing warnings on the tire does not conclusively negate causation here because Michelin has not established that had they heeded those warnings, their injuries would have been prevented. *See id*. Viewing the evidence in the light most favorable to the plaintiffs, Michelin did not conclusively establish its entitlement to a traditional summary judgment on the Medinas' marketing defect claim. Having concluded summary judgment was improper on all of the grounds Michelin asserted with respect to the Medinas' marketing defect claim, we resolve the Medinas' fourth issue in their favor.

### D. Punitive Damages

In their fifth issue, the Medinas challenge the no-evidence summary judgment on their punitive damages claim. They asserted a claim for punitive damages based on gross negligence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a)(3) (West 2015). "[G]ross negligence is the breach of duty involving an extreme degree of risk, considering the probability and magnitude of the potential harm to others (an objective element) when the actor has actual awareness of the risk involved but nevertheless proceeds in conscious indifference to the rights, safety, or welfare

of others (subjective element)." *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 595 (Tex. 1999). In its motion for summary judgment, Michelin asserted the Medinas had no evidence of either the objective element or subjective element to support their gross negligence claim. The Medinas contend that a confidential Michelin report demonstrating it knew of risks associated with tire aging as well as evidence that Michelin chose to design the tire without an alternative design was clear and convincing evidence that created fact issues on both elements of gross negligence. We do not agree.

To defeat summary judgment on their punitive damages claims, the Medinas were required to put forth more than a scintilla of evidence that (1) the tire in question posed an extreme degree of risk and (2) that Michelin had actual subjective awareness of the extreme degree of risk that the tire posed but nevertheless proceeded with conscious indifference to the consequences of its acts. *See id*. The extreme degree of risk prong is not satisfied by a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 22 (Tex. 1994). The Medinas do not point to any evidence to support their contention that Michelin had knowledge that its alleged conduct in choosing a certain design over another or failing to inform consumers of risks of using tires past a certain age resulted in an extreme degree of risk and consciously chose to disregard that extreme risk. Instead their argument under this issue focuses on evidence that Michelin "intentionally" chose a design that did not include an alternative design of a nylon cap ply (that Medinas' expert contended was safer) and that Michelin knew the risks presented by tire aging. Because the Medina's summary judgment evidence did not raise a genuine issue of material fact on each element of its gross negligence claim, the trial court did not err in granting Michelin's no evidence motion for summary judgment on punitive damages. We resolve the Medinas' fifth issue against them.

### E.    Post-Sale Duty to Warn

In their sixth and final issue, the Medinas assert the trial court erred in granting a traditional summary judgment on what Michelin characterizes as their "Post-Sale Duty to Warn" claim.  In their first amended petition, the Medinas claimed that Michelin "carelessly and recklessly fail[ed] to recall the said tire, modify the design and fail[ed] to provide a post-manufacture, post-sale and post-inspection warning to the foreseeable public, end-users, consumers, operators, motorists, occupants and passengers such as Plaintiffs."  In its summary judgment motion, Michelin argued that Texas does not recognize a post-sale duty to warn nor is there a duty to remedy dangerous defects in a product that are not discovered until after its manufacture and sale.  It further argued that any post-sale duty claims were preempted by federal law.

Texas has not recognized a general duty to warn of product defects not discovered until after manufacture and sale.  *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 836 (Tex. 2000) ("we are not called on to recognize any post-sale duty to warn").  The Medinas contend their claims do not involve a post-sale duty to warn but rather that Michelin had a "continuing duty" to warn after the tire's sale and manufacture because there was evidence from Michelin's tire designer and Medinas' tire expert that Michelin had knowledge about tire aging at the time it sold the tire in question. The Medinas cite no authority, and we have found none, to support their contention that Michelin's pre-sale knowledge of a defect will support a post-sale duty to warn cause of action distinct from its other failure to warn claims that we have addressed above.  Accordingly, the trial court did not err in granting summary judgment on the Medinas' post-sale duty to warn claims.  We resolve the sixth issue against the Medinas.

## CONCLUSION

Based on the summary judgment record before us, we reverse the trial court's summary judgment with respect to the Medinas' defective design, defective manufacturing, defective marketing and negligence claims and remand those claims to the trial court for further proceedings.  We affirm the trial court's judgment in all other respects.


/David Evans/
DAVID EVANS
JUSTICE

160794F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SAMUEL MEDINA, OBDULIA MEDINA, NATALYE MEDINA, AND NAVIL GIBSON, Appellants

No. 05-16-00794-CV        V.

MICHELIN NORTH AMERICA, INC., Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-07255
Opinion delivered by Justice Evans, Justices Francis and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's summary judgment on appellants' design defect, manufacturing defect, marketing defect, and negligence claims and **REMAND** the cause to the trial court for further proceedings on those claims. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 29th day of January, 2018.